Governor had the right to require the investigation in question, subject to the statutory limitation of the investigation by the Attorney General to such matters as should be specified in such requirement, nor that the Attorney General duly deputized Nathan Vidaver, within such limitations, to manage and conduct such investigation.

The question therefore arises whether the investigation and indictment were respectively made and found within the scope of the requirement of the Governor. There is no allegation in the indictment, in words or by fair legal inference, that the defendant was in any way connected with the purchase of land for Kissena park, or that, before the consummation of the said purchase, he had directly or indirectly undertaken to do any act which could be construed as an act arising, growing out of, or based upon the purchase of the land. In the absence of any such allegation, the offer for which the defendant was indicted stands disconnected from any other acts arising out of the purchase which might form the basis of a criminal charge. The act of the defendant was at most collateral. It was without the scope of the investigation, not being within its expressed or legally inferable purposes.

Had there appeared in the indictment any intimation of a preconceived purpose on the part of the defendant, before the consummation of the purchase, to do any of the acts, with the commission of which he now stands charged, a different conclusion might have been reached.

The indictment is set aside.

---

(143 App. Div. 281.)

TURTLETAUB v. TRACHTENBERG.

(Supreme Court, Appellate Division, First Department. March 24, 1911.)

MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—COLLISION WITH VEHICLE—PERSONAL INJURY—SUFFICIENCY OF EVIDENCE.

    In an action for injuries through being knocked down in a city street and injured by a horse owned by defendant and driven by his servant, evidence *held* insufficient to show any negligence of defendant.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Trial Term, New York County.

Action by Elias Turtletaub against Samuel Trachtenberg. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

F. Sidney Williams, for appellant.
J. Brownson Ker, for respondent.

SCOTT, J. Defendant appeals from a judgment for plaintiff entered upon a verdict and from an order denying a motion for a new trial.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff claims to have been knocked down and injured by a horse owned by defendant and driven by his servant; the collision resulting, as is alleged, from the negligence of such servant. The plaintiff is quite an old man, and on February 13, 1908, was crossing from the south to the north side of Houston street at the corner of Orchard street. There was a good deal of snow in this street, but the crosswalk had been cleared or beaten down. Defendant's servant was driving a baker's wagon westwardly on Houston street. He was driving two horses, one in the shafts and one hitched on the outside. The plaintiff, according to his own evidence, saw the horses and wagon coming, and stopped to let them pass in front of him. He even stepped back a little to what he considered a place of safety, described as about 2½ feet from the wagon track. He says that the horse "made a bound" and struck him on the arm, knocking him down. Several witnesses called by defendant, and who saw the accident, agreed that plaintiff either ran into the horse or attempted to seize his bridle and missed it, and fell without having been touched by either horse or wagon.

Leaving their testimony out of consideration, and accepting plaintiff's version, it is clear that his complaint might well have been dismissed. He points to no negligent act whatever on the part of the driver, who does not appear to have swerved toward plaintiff, or to have driven at any unreasonable rate of speed, or lost control of his horses; nor can it be seen how the "bound" of the horse, whatever that may mean, resulted from any negligent act on the part of the driver. Even if there can be found in the case a scintilla of evidence to take the case to the jury, still the verdict should have been set aside as against the evidence.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.